# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles E.,**
**Petitioner Below, Petitioner**

**vs)   No. 18-0587** (Gilmer County 18-C-10)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles E.,[1] pro se, appeals the June 15, 2018, order of the Circuit Court of Gilmer County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[2] by counsel Scott E. Johnson, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[3] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[3]Petitioner failed to include his petition for a writ of habeas corpus, filed in the circuit court on May 31, 2018, and the complete August 11, 2015, omnibus hearing transcript from his first habeas proceeding in his appendix. On our own motion, we hereby supplement the appellate record with the May 31, 2018, habeas petition (with the accompanying "pro se memorandum of law in support of habeas application") and take judicial notice of the August 11, 2015, hearing transcript in Gilmer County Case No. 14-C-16.

1

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We set out the underlying facts and procedural history of petitioner case in *Charles E. v. Ballard* ("*Charles E. II*"), No. 16-0045, 2017 WL 680454, at *1-2 (W.Va. Feb. 21, 2017) (memorandum decision):

> In 2012, a Gilmer County grand jury indicted petitioner on two counts of first-degree sexual abuse in violation of West Virginia Code § 61-8B-7(a)(3), and two counts of first-degree sexual assault in violation of West Virginia Code § 61-8B-3(a)(2). The victim was his great-nephew, J.S., who was four years old at the time of the alleged crimes and six years old at the time of trial.
>
> In November of 2012, petitioner's criminal trial began. [The State]'s primary evidence against him was the victim's testimony. The victim testified at trial that petitioner touched the victim's penis on one occasion and digitally penetrated his anus on more than two occasions. A social worker, who was qualified by the circuit court as an expert in the area of whether children exhibit characteristics of being abused, testified about an interview she conducted of the victim and testified that the victim described and demonstrated the sexual acts on a doll, the victim identified petitioner as the perpetrator who committed those acts; and that the victim's statements to her were consistent. Petitioner did not testify at trial or present any evidence in his defense. Following the jury trial, petitioner was convicted of one count of first-degree sexual abuse and one count of first-degree sexual assault; the remaining counts were dismissed by the circuit court. On April 5, 2013, the circuit court denied petitioner's post-trial motion for a judgment of acquittal or new trial and sentenced petitioner to an indeterminate term of incarceration of not less than five nor more than twenty-five years for first-degree sexual abuse and not less than twenty-five nor more than 100 years for first-degree sexual assault. The circuit court ordered the sentences to run consecutively to one another and further ordered that petitioner register as a sex offender for a term of fifty years following his release from incarceration.
>
> In 2014, petitioner filed a direct appeal with this Court alleging that the circuit court erred (1) when it denied his motion[s] for judgment of acquittal at the close of [the State]'s case-in-chief [and after the defense rested]; (2) when it did not grant his motion for a new trial on the grounds that [the State] produced a witness statement only after that witness testified at the trial and prior to cross-examination; (3) and that the sentence imposed upon petitioner violated the proportionality principle found in Article III, Section 5 of the West Virginia Constitution. By ordered entered on April 25, 2014, this Court affirmed petitioner's conviction. *See State v. Charles E.* [("*Charles E. I*")], No. 13-0571[, 2014 WL 1672953, at *2-5 (W.Va. Apr. 25, 2014)] (memorandum decision). . . .

(Footnotes omitted.)

On June 14, 2014, petitioner filed a petition for a writ of habeas corpus alleging that (1) the circuit court erroneously denied his motion for judgment of acquittal at the close of the State's case-in-chief; (2) the court erroneously denied his motion for judgment of acquittal after the defense rested; (3) the court erroneously failed to grant his motion for a new trial on the grounds that the State produced a witness statement only after that witness testified at trial and prior to cross-examination; (4) the court erroneously failed to sustain any objection raised by the defense and to award a new trial after the State produced the witness statement after that witness testified at trial; (5) that the sentence imposed upon petitioner violated the proportionality principle found in Article III, Section 5 of the West Virginia Constitution; (6) that the cumulative effect of the alleged errors denied him a fair trial; and (7) that his trial attorney provided ineffective assistance of counsel, including before this Court in *Charles E. I* given that not all issues were asserted on appeal "[d]ue to the fact that there were more important issues to be raised." Petitioner was appointed counsel, who filed an amended habeas petition on June 17, 2015. The circuit court subsequently held an omnibus habeas corpus hearing on August 11, 2015. Petitioner testified:

> [I]n preparing his petition for writ of habeas corpus relief that he and his counsel had went over the *Losh v. McKenzie* checklist.[4] Further, petitioner testified that he understood the nature of the omnibus proceedings and that any grounds not raised now would be deemed forever waived. Thereafter, the petitioner indicated that ineffective assistance of [trial] counsel was the only ground he was pursuing.

*Charles E. II*, 2017 WL 680454, at *3 (Footnote added.).

Following the omnibus hearing, the circuit court denied the habeas petition by order entered December 14, 2015. Petitioner appealed that order in *Charles E. II*. In *Charles E. II*, this Court rejected petitioner's claim that his trial attorney provided ineffective assistance, finding that "petitioner's own testimony establishes that his counsel met with him approximately twelve to fourteen times between the preliminary hearing and the jury trial" and "that counsel communicated all plea agreements to petitioner, and advised him on all the plea offers presented." *Id.* at *2. This Court also adopted the "well-reasoned findings" set forth in the circuit court's December 14, 2015, order. *Id.*

On May 31, 2018, petitioner filed the instant habeas petition alleging (1) that he did not knowingly and intelligently waive the grounds raised in his June 14, 2014, petition in the first habeas proceeding; (2) that the circuit court erred in the first habeas case by failing to rule on all grounds raised in that proceeding; and (3) that his habeas attorney provided ineffective assistance in the prior proceeding by (a) failing to call trial counsel as a witness and (b) failing to present witness testimony that trial counsel did not advocate for concurrent sentences at the sentencing hearing in the underlying criminal case. By order entered June 15, 2018, the circuit court rejected petitioner's claim and denied his petition, finding that he "merely re-allege[d] the grounds for relief that were previously and finally adjudicated under the guise of ineffective assistance of [habeas]

---

[4] In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

counsel." The circuit court also adopted its December 14, 2015, decision denying petitioner's first petition as part of its June 15, 2018, order denying habeas relief.

It is from the circuit court's June 15, 2018, order denying his habeas petition that petitioner now appeals. In syllabus points one and three of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016), we held:

> 1.    "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> ****

> 3.    "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

In syllabus point four of *Losh*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner reiterates the arguments he made before the circuit court: (1) that he did not knowingly and intelligently waive the grounds raised in his June 14, 2014, petition in the first habeas proceeding; (2) that the circuit court erred in the first habeas case by failing to rule on all grounds raised in that proceeding; and (3) that his habeas attorney provided ineffective assistance in the prior proceeding by (a) failing to call trial counsel as a witness and (b) failing to present witness testimony that trial counsel did not advocate for concurrent sentences at the sentencing hearing in the underlying criminal case. We address each of these issues in turn.

Petitioner argues that he did not waive all issues other than ineffective assistance of trial counsel in the first habeas proceeding. Respondent counters that, to the contrary, except for the ineffective assistance claims, petitioner waived the issues set forth in his June 14, 2014, petition at

the August 11, 2015, omnibus hearing. We agree with respondent. As we found in *Charles E. II*, petitioner testified:

> [I]n preparing his petition for writ of habeas corpus relief that he and his counsel had went over the *Losh v. McKenzie* checklist. Further, petitioner testified that he understood the nature of the omnibus proceedings and that any grounds not raised now would be deemed forever waived. Thereafter, the petitioner indicated that ineffective assistance of [trial] counsel was the only ground he was pursuing.

2017 WL 680454, at *3. Our ruling in *[Charles E. II]* constituted a final decision on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure. *See In Re: T.O.*, 238 W.Va. 455, 464, 796 S.E.2d 564, 573 (2017) (finding that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same). Therefore, we conclude that petitioner knowingly and intelligently waived all issues other than ineffective assistance of trial counsel in the first habeas proceeding.

Petitioner next argues that the circuit court erred in the prior habeas case by failing to rule on all grounds raised in that proceeding. "West Virginia Code [§] 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). Here, the circuit court rejected petitioner's claim of ineffective assistance of trial counsel in the first habeas proceeding, making "well-reasoned findings" that we adopted in *Charles E. II*. 2017 WL 680454, at *2. With regard to other grounds initially raised in the prior proceeding, we find that the circuit court had no obligation to rule on the other issues given petitioner's waiver of those grounds at the August 11, 2015, omnibus hearing.

To the extent that petitioner also challenges the findings set forth in the its June 15, 2018, order denying the instant petition, we note that the circuit court found that petitioner "merely re-allege[d] the grounds for relief that were previously and finally adjudicated [and/or waived] under the guise of ineffective assistance of [habeas] counsel." Based on our review of the record, and our decisions in *Charles E. I* and *Charles E. II*, we concur with the circuit court's findings and determine them sufficient to dispose of petitioner's habeas petition. Furthermore, as part of the June 15, 2018, order, the circuit court adopted December 14, 2015, decision denying petitioner's first petition. We find that rulings set forth in the December 14, 2015, order demonstrate that petitioner cannot establish a claim of ineffective assistance of habeas counsel.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d

114 (1995) (adopting *Strickland*).[5] Here, while petitioner complains that his habeas attorney failed to call trial counsel as a witness at the omnibus hearing, the circuit court noted that it was "troubled by [respondent]'s failure to present any evidence in this matter" and ruled that, except where documentary evidence contradicted petitioner's testimony, it would accept his testimony "as true." Given the circuit court's evidentiary ruling, we find that petitioner was not prejudiced by habeas counsel's failure to call his trial attorney as a witness.

We note that our finding that the failure to call his trial attorney did not prejudice petitioner is in accord with the circuit court's finding that, assuming arguendo that trial counsel performed deficiently in the underlying criminal case, no such deficiency caused the outcome of that proceeding to be different. This finding by the circuit court is relevant to petitioner's argument that habeas counsel should have called the witnesses that his trial counsel failed to present at his sentencing hearing. Based on our review of the August 11, 2015, omnibus hearing transcript, we find that habeas counsel solicited petitioner's own testimony regarding his trial attorney's failure to present witness testimony at his sentencing hearing. We further find that additional testimony regarding this claim would not have changed the result of petitioner's first habeas proceeding. In rejecting petitioner's disproportionality argument in *Charles E. I*, we noted that, under syllabus point four of *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982), the circuit court had the discretion to impose any sentence within statutory limits so long as it did not rely on some impermissible factor and found that "[no] impermissible factor was relied upon." 2014 WL 1672953, at *5. We also rejected as without merit petitioner's argument that "older defendants should receive lighter sentences than younger defendants who commit the same crimes." *Id.* Furthermore, the circuit court's imposition of consecutive sentences was also a matter of discretion. *See* Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). Therefore, based on our review of the record (which includes a very young victim being molested by an older relative), we find that nothing that either attorney did or failed to do would have changed the sentence imposed or the denial of habeas relief as to any ground regarding the length of petitioner's sentence.

For the foregoing reasons, we affirm the circuit court's June 15, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:  June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]The second prong of the *Strickland/Miller* standard is often referred to as the prejudice prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).